MEMORANDUM **
Sushil Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Malhi v. INS, 336 F.3d 989, 992-93 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.
Substantial evidence supports the agency’s denial of asylum based on Singh’s adverse credibility. See id. at 993. The IJ identified material inconsistencies between Singh’s testimony and the declaration and documents that he submitted. See Pal v. INS, 204 F.3d 935, 938 (9th Cir.2000). The IJ also made a specific and cogent demeanor finding that Singh testified in a manner suggesting his story was memorized, and when confronted, changed his testimony several times to conform to his declaration and documents. See Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir.1999). These observations are supported by the record.
In the absence of credible testimony, Singh necessarily failed to meet the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Singh’s CAT claim is based on the same evidence found not credible, and he points to no other record evidence that the IJ should have considered, substantial evidence supports the agency’s denial of CAT relief. See id. at 1157.
We lack jurisdiction to review Singh’s contentions regarding humanitarian asylum and the IJ’s abuse of due process because Singh did not exhaust those arguments before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.